UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRANDON LEE JOHNSON,

    Plaintiff,

    v.                                      CAUSE NO. 3:23-CV-91 DRL-SJF

WINN,

    Defendant.

## OPINION AND ORDER

Brandon Lee Johnson, a prisoner without a lawyer, is proceeding in this case "against Lieutenant Winn in her individual capacity for compensatory and punitive damages for knowingly leaving him in a cell contaminated with blood for at least three days beginning on September 29, 2021, in violation of the Eighth Amendment[.]" ECF 9 at 8. Lt. Winn filed a motion for summary judgment, arguing Mr. Johnson didn't exhaust his administrative remedies before filing this lawsuit. ECF 31. Mr. Johnson didn't file a response to Lt. Winn's summary judgment motion, but instead filed a cross-motion for summary judgment. ECF 36. Neither party has filed a response to the other party's summary judgment motion, and the time for doing so has expired.[1] Neither party has filed a reply. The court will now rule on both summary judgment motions.

---

[1] The court will consider the arguments raised in both summary judgment motions to determine whether a genuine dispute of material fact exists. Mr. Johnson's cross-motion for summary judgment mostly responds to Lt. Winn's affirmative defense of exhaustion, but also vaguely addresses the merits of his claim against Lt. Winn. To the extent Mr. Johnson's cross-motion addresses the merits of his claim against Lt. Winn, these arguments are not properly before the court and will not be considered at this time. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008)

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

This standard does not change when parties file cross-motions for summary judgment. *International Brotherhood of Electrical Workers, Local 176 v. Balmoral Racing Club, Inc.*, 293 F.3d 402, 404 (7th Cir. 2002). "When considering the [plaintiff's] motion for summary judgment, the court must consider the evidence in the light reasonably most favorable to the defendants, and vice versa." *Eaton v. Onan Corp.*, 117 F. Supp. 2d 812, 818 (S. D. Ind. 2000); *see also O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 983 (7th Cir. 2001) ("With crossmotions, our review of the record requires that we construe all inferences in favor of the party against whom the motion under consideration is made.") (citation omitted). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

---

(exhaustion is an affirmative defense raised by the defendant and must be resolved before reaching the merits of the case).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* However, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

3

Lt. Winn argues Mr. Johnson didn't exhaust his available administrative remedies because he never submitted any grievance related to his claim that Lt. Winn left him in a cell contaminated with blood for three days. ECF 32 at 5-7. Specifically, Lt. Winn provides an attestation from the Grievance Specialist that Mr. Johnson never submitted any grievance "regarding the claim on which the Court granted him leave to proceed in this matter." ECF 31-1 at 7.

In response, Mr. Johnson concedes he never exhausted any relevant grievance. ECF 36-2. The court thus accepts this as undisputed. Instead, he argues his administrative remedies were unavailable because he submitted a relevant grievance that was ignored by the grievance office. *Id*. Specifically, Mr. Johnson attests he submitted an emergency grievance on September 29, 2021, complaining that inhumane living conditions in his cell posed a threat to his health and safety. *Id.* at 2. Mr. Johnson never received any receipt or response to this grievance from the grievance office. *Id.* He then submitted a "Request for Interview" form to the Grievance Specialist informing him of the non-response to his grievance and requesting an appeal form, but again received no response. *Id.*; ECF 36-4 at 6. Because Lt. Winn doesn't respond to or provide any evidence disputing these attestations, the court accepts these facts as undisputed.

Here, Mr. Johnson has provided undisputed evidence the grievance office made his administrative remedies unavailable by failing to respond to his September 29 grievance and subsequent written notice. Specifically, the Offender Grievance Process provides that if an inmate submits a grievance and "does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of

4

submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) *and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days.*" ECF 31-2 at 9 (emphasis added). Because it's undisputed the Grievance Specialist never issued a receipt or response to Mr. Johnson's September 29 grievance and then ignored his subsequent written notice, this left Mr. Johnson without any further available remedies to exhaust. *See Dole*, 438 F.3d at 809 ("a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance").

Thus, because Mr. Johnson has provided undisputed evidence the grievance office made his administrative remedies unavailable by failing to respond to his September 29 grievance and subsequent written notice, Lt. Winn has not met her burden to show Mr. Johnson had available administrative remedies he didn't exhaust before filing this lawsuit. For these reasons, the court DENIES Lt. Winn's summary judgment motion (ECF 31), GRANTS Mr. Johnson's cross-motion for summary judgment (ECF 36), and dismisses Lt. Winn's affirmative defense of exhaustion. This case will now proceed to the merits of Mr. Johnson's claim against Lt. Winn.

SO ORDERED.

January 29, 2025                             *s/ Damon R. Leichty*
                                             Judge, United States District Court